**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **CARMEN PONDER,** : | |
| 9112 HIgh Plain Lane : | |
| Dallas, TX  75249 : | |
|          **Plaintiff,** : | **Civil Action No. _____** |
| : | |
| **v.** : | |
| : | |
| **THE CITY OF COMMERCE, TEXAS** : | **JURY TRIAL DEMANDED** |
| c/o Molly Jacobsen, City Secretary : | |
| City Hall : | |
| 1119 Alamo Street : | |
| Commerce, TX 75428 : | |
| : | |
| **AND** : | |
| : | |
| **KERRY CREWS,** in his : | |
| individual capacity and his official capacity as : | |
| Chief of Police for the City of Commerce, : | |
| 1803 Jackson St, : | |
| Commerce, TX 75428 : | |
|          **Defendants.** | |

## PLAINTIFF'S COMPLAINT

NOW COMES Carmen Ponder, Plaintiff, complaining of Defendants City of Commerce, Texas ("the City"), and Kerry Crews in his individual capacity and official capacity as Chief of the Commerce Police Department, and for cause would show the Honorable Court as follows:

## NATURE OF THE ACTION

1. This is an action brought by the Plaintiff against the Kerry Crews and the City of Commerce, Texas, for the unlawful arrest and detention of Plaintiff under the color of

state law in violation of Plaintiff's individual rights under the Fourth Amendment to the United States Constitution and in violation of federal law, particularly the Civil Rights Act, Title 42 of the United States Code, Section 1983,

2. Plaintiff alleges that the City of Commerce, Texas, is liable for the unconstitutional acts of its policymaker, Chief of Police Kerry Crews.

3. Additionally, Plaintiff alleges Chief of Police Kerry Crews and the City of Commerce, Texas failed to properly train, supervise, screen, discipline, transfer, counsel or otherwise control officers.  The City had a duty, but failed to implement and/or enforce policies, practices and procedures for the City of Commerce police officers that respected Plaintiff's constitutional rights.  Defendant City and Crews' failure to adequately supervise, discipline, and train officers including Crews himself, failure to implement the necessary policies and procedures, and affirmative implementation of unconstitutional policies was the moving force behind the violation of Plaintiff's constitutional rights.

4. For these civil rights violations and other causes of action discussed herein, Plaintiff seeks answers and compensation for damages for the wrongful arrest and seizure of Carmen Ponder.

**PARTIES**

5. Plaintiff Carmen Ponder is a citizen of the United States and a resident of the City of Commerce, County of Hunt, State of Texas.

6. Defendant, the City of Commerce, Texas ("Defendant City"), is and was at all relevant times mentioned, a municipality duly organized and existing under the laws of the State of Texas. Defendant City's Police Department, Commerce Police Department ("CPD"),

is an official subdivision of Defendant City, and all officers employed by the CPD are employees of Defendant City.

7. Defendant City was at all times mentioned engaged in owning, operating, maintaining, managing and doing business as CPD, and in the business of public safety for the residents of Commerce, Texas.

8. All of the acts complained of in this Complaint by Plaintiff against Defendant Crews were done and performed by him individually and/or in his capacity agent, servant and/or employee, and at all relevant times was acting under the color of law.

9. Defendant Crews was at all times material hereto the Chief of Police for the City of Commerce.

10. As Chief of Police, Defendant Crews was the policymaker with final authority for the review and implementation of the police department's budget, training, policies, procedures, practices, and customs, as well as the acts and omissions, challenged by this suit.

11. The City of Commerce may be served with citation herein by and through its agent for service of process, Molly Jacobsen, City Secretary, at 1119 Alamo Street, Commerce, Texas, 75428, or wherever she may be found.

12. Defendant Kerry Crews, upon information and belief, is a resident of Commerce, Texas. At all relevant times, this Defendant was acting under color of law, that is, under the color of the statutes, ordinances, regulations, policies, customs and usages of Defendant City. Crews is being sued in his individual and official capacity as Chief of Police of the

Commerce Police Department. Crews may be served at the above captioned address, or wherever he may be found.

## JURISDICTION AND VENUE

13. Jurisdiction exists in this court pursuant to 28 U.S.C. §§ 1331 and 1343 as this action is brought under, inter alia, the Fourth Amendment of the United States Constitution and 42 U.S.C. § 1983, to redress the deprivation of rights, privileges and immunities guaranteed to Plaintiff by the constitutional and statutory provisions.

14. Venue is appropriate in the United States District Court; Northern District of Texas, Dallas Division, since Hunt County is the location of the events which provide the basis of this cause of action.

## FACTUAL ALLEGATIONS

15. On Saturday, May 20, 2017, Carmen Ponder traveled to Walmart located at 2701 State Hwy. 50 in Commerce, Texas.

16. While en route to this location, Ms. Ponder passed an erratic driver operating a black truck on the road. She subsequently entered the parking lot of the aforementioned Walmart location.

17. After parking her vehicle, she was approached by a motorist driving what appeared to be the same black truck she had just encountered and passed on the roadway. Upon information and belief, the motorist was Michael Beane ("Beane"), Commerce ISD School Board Trustee.

18. Beane began shouting obscenities at Ms. Ponder stating that he was teaching his fourteen-year-old daughter how to driver and Ms. Ponder should not have passed the vehicle on the road.

19. When Ms. Ponder responded that it was illegal to allow a fourteen-year-old to drive on the public roadway, Beane shouted back "Oh whatever you black bitch!"

20. Ms. Ponder then walked away from the confrontation and continued into the Walmart after speaking briefly with a nearby Walmart employee about Beane's racist remark.

21. After purchasing her items from Walmart, Ms. Ponder exited the store only to be approached a second time in the parking lot, this time by Chief of Police Kerry Crews ("Crews") who was in plain clothes.

22. Crews flashed his badge at Ms. Ponder and aggressively demanded that she apologize to the man who accosted her earlier using racial slurs.

23. Ms. Ponder responded that she only wanted to return to her vehicle and go home.

24. She was prevented from continuing to her vehicle after exiting the Walmart. At this point Crews grabbed Ms. Ponder by the arm with enough force to cause bruising and told her she was being detained.

25. Ms. Ponder, along with Crews, returned to the entrance of the Walmart and waited for the arrival of on-duty police officers.

26. They were eventually joined by Beane and several other unidentified individuals.

27. Ms. Ponder called 911 to inform the Commerce Police Department of her involuntary detention and the claims of the men detaining her to be law enforcement officers themselves.

28. Once a uniformed officer arrived at the scene, Ms. Ponder attempted to approach the officer but was once again forcibly grabbed by Crews.

29. Ms. Ponder announced her intention to speak to the responding officer but was instead confined to the entrance of the Walmart until the uniformed officer approached.

30. The responding officer was immediately instructed by Crews to place Ms. Ponder in handcuffs.

31. Ms. Ponder was handcuffed and subsequently taken to the Commerce Police Department and charged with evading arrest. She was detained for twenty-four hours before going before a magistrate judge and being released.

32. After reviewing all the evidence available in the case, the Hunt County District Attorney Office determined there was insufficient evidence to support the evading detention charge against Ms. Ponder and the charge was dropped.

33. Defendant Crews refused to provide Ms. Ponder with any explanation for her unlawful detention, and although unlawfully detained, Ms. Ponder was never charged.

34. Defendant Crews, individually and as policymaker for the City or Commerce Police Department acted with deliberate indifference to Plaintiff's rights, by ordering that she be subject to an unlawful search and seizure, unlawful arrest, and unlawful detention without any probable cause to believe that Plaintiff had committed a crime.

35. Defendant Crews, by flashing his badge, identifying himself as law enforcement, detaining Plaintiff, and ordering her arrest abused the authority granted to him under color of state law.

## COUNT I
## PLAINTIFF v. KERRY CREWS
## VIOLATION OF THE FOURTH AMENDMENT

36. Plaintiff hereby incorporates by reference paragraphs 1 through 35 as if fully set forth herein.

37. Defendant Crews, acting under color of law and pursuant to his authority as Chief of Police of the City of Commerce, unlawfully detained and subsequently directed the arrest of Plaintiff Ponder without probable cause, or reasonable suspicion that any crime had been committed.

38. Those actions violated Plaintiff's rights under the Fourth Amendment to the Constitution of the United States and 42 U.S.C. § 1983.

39. As a result, Plaintiff suffered injuries including but not limited to mental pain and anguish.

**Wherefore**, Plaintiff demands judgement in her favor against Defendant Crews, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000), together with interests, costs, punitive damages, and attorney's fees.

## COUNT II
## PLAINTIFF v. CITY OF COMMERCE
## MUNICIPAL LIABILITY – ACT BY A POLICYMAKER

40. Plaintiff hereby incorporates by reference paragraphs 1 through 39 as if fully set forth herein.

41. Defendant Crews, at all times material hereto, was the Chief of Police for the Commerce Police Department.

42. Defendant Crews, as Chief of Police, was responsible for establishing the official policies of the Commerce Police Department in relation to all functions of the police department, including but not limited to seizing and arresting citizens.

43. As the final policymaker, Defendant Crews' actions in unlawfully seizing and arresting or directing the arrest of Plaintiff constituted the official policy or custom of the City of Commerce.

**Wherefore**, Plaintiff demands judgement in her favor against Defendant City of Commerce, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000), together with interests, costs, and attorney's fees.

## COUNT III
### PLAINTIFF v. CITY OF COMMERCE
### MUNICIPAL LIABILITY – FAILURE TO TRAIN

44. Plaintiff hereby incorporates by reference paragraphs 1 through 43 as if fully set forth herein.

45. Upon information and belief, Defendant City has not developed any formal policies relating to the seizure and/or arrest of citizens.

46. Upon information and belief, Defendant City has not implemented sufficient training programs relating to what constitutes probable cause or sufficient grounds to arrest.

47. Upon information and belief, Defendant City has not developed any policies governing the behavior of off-duty officers.

48. Despite knowledge of these policy development and training failures, the City failed to take any steps to rectify the problem in deliberate indifference to the rights of the City's inhabitants.

49. This failure to develop policies and train was the moving force behind the violation of Plaintiff's constitutional rights.

**Wherefore**, Plaintiff demands judgement in her favor against Defendant City of Commerce, in an amount in excess of One Hundred and Fifty Thousand Dollars ($150,000), together with interests, costs, punitive damages, and attorney's fees.

## TRIAL BY JURY

50. Plaintiff has paid a jury fee and demands a trial by jury.

## PRAYER

**Wherefore**, Plaintiff prays that Defendants be cited to appear and answer herein; that upon final trial hereof Plaintiff has and recovers judgment from Defendants; actual damages, exemplary damages, pre-judgment interest at the legal rate; interest on said judgment at the legal rate; costs of court; statutory attorneys' fees; and, such other and further relief, both general and special, at law and in equity, to which Plaintiff may show herself justly entitled.


Respectfully submitted,

**Merritt Law Firm, LLC**

Date: 5/19/2019                              /s/ S. Lee Merritt
                                             S. LEE MERRITT
                                             State Bar No. PA 314891
                                             1910 Pacific Ave Suite 11500
                                             Dallas, TX. 75021
                                             888-647-3041
                                             888-339-2050 – fax
                                             slm@merrittatlaw.com

                                             **McELDREW YOUNG**
                                             Daniel Purtell, Esquire
                                             John J. Coyle, Esquire
                                             123 S. Broad Street, Suite 2250

Philadelphia, PA 19109
(215) 545-8800
(215) 545-8805 (fax)
dpurtell@mceldrewyoung.com
jcoyle@mceldrewyoung.com
*Petition for pro hac vice admission forthcoming*